Dottie M. Hampton Arkansas DHS, DCFS — Foster Care Unit P.O. Box 1437, 7th Main Streets Slot 844 Little Rock, AR 72203-1437
Dear Ms. Hampton:
You have requested an official Attorney General opinion, pursuant to A.C.A. § 25-19-105(c)(3)(B), concerning the release of certain records under the Freedom of Information Act (FOIA) (A.C.A. § 25-19-101 through -107).
You indicate that a request to review your personnel file has been presented to the Arkansas Department of Human Services, Foster Care Unit. The custodian of the records has determined that the file should be released, subject to any applicable exemptions. I am directed by law to issue my opinion as to whether the determination of custodian of the records regarding the release of the records is consistent with the FOIA. A.C.A. § 25-19-105(c)(3)(B).
Response
As an initial matter, I must note that I have not been provided with copies of the records that are contained in your personnel file. I therefore cannot opine definitively concerning the release of any particular record. Moreover, because I have not been informed of the particular records that the custodian deems to be subject to exemption from disclosure, I cannot opine definitively concerning the custodian's determination. Nevertheless, I will discuss the legal standards that govern this type of file, on the basis of which you can evaluate the custodian's determination.
The records contained in your personnel file most likely constitute either "personnel records" or "employee evaluation/job performance records" (or neither). It will be important for the custodian to classify the records properly, because the standard for the release of the various types of records differs.
PERSONNEL RECORDS
The Disclosability Standard for Personnel Records
Under the provisions of the FOIA, "personnel records" are subject to disclosure except to the extent that disclosure would constitute a "clearly unwarranted invasion of personal privacy." A.C.A. §25-19-105(b)(10).
What is a Personnel Record?
The FOIA does not define the term "personnel records." Whether a particular record constitutes a "personnel record," within the meaning of the FOIA is, of course, a question of fact that can only be determined upon a review of the record itself. This office has taken the general position that "personnel records" are all records other than employee evaluation and job performance records that pertain to individual employees, former employees, or job applicants. See, e.g., Op. Att'y Gen. Nos. 99-244; 99-147, citing Watkins, The Arkansas Freedom ofInformation Act (m m Press, 3rd Ed., 1998) at 134.
If the records in your personnel file are, in fact, "personnel records," the ensuing issue is whether their release would constitute a clearly unwarranted invasion of your personal privacy.
What is a "Clearly Unwarranted Invasion of Personal Privacy"?
The FOIA does not define the phrase "clearly unwarranted invasion of personal privacy." However, the Arkansas Supreme Court has construed the phrase. In determining which disclosures constitute a "clearly unwarranted invasion of personal privacy," the court applies a balancing test. The court will weigh the interest of the public in accessing the records against the individual's interest in keeping the records private. SeeYoung v. Rice, 308 Ark. 593, 826 S.W.2d 252 (1992). If the public's interest outweighs the individual's interest, the release of the records will not constitute a "clearly unwarranted invasion of personal privacy."
The question of whether a "clearly unwarranted invasion of personal privacy" has occurred is a question of fact. See Op. Att'y Gen. No.98-001. If the custodian of the records has determined factually that the release of the records in your personnel file would not constitute a clearly unwarranted invasion of your personal privacy (by showing that your privacy interest in the records outweighs the public's interest in them), the records should be released.
EMPLOYEE EVALUATION/JOB PERFORMANCE RECORDS
The Standard of Disclosability for Employee Evaluation/Job PerformanceRecords
Under the FOIA, "employee evaluation/job performance records" are disclosable only if the following three conditions have been met:
 (1) There has been a final administrative resolution of any suspension or termination proceeding;
 (2) The records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee; and
 (3) There is a compelling public interest in the disclosure of the records in question.
A.C.A. § 25-19-105(c)(1).
What is an Employee Evaluation/Job Performance Record?
A determination must be made, then, as to whether any of the records in your file constitute "employee evaluation/job performance records." The FOIA does not define the phrase "employee evaluation or job performance record," nor has the phrase been construed judicially. I cannot formulate an official definition for undefined statutory language. Formal, written employee evaluations are of course included. In addition, this office has previously opined that documents such as written reprimands and letters of caution, documents upon which a recommendation for dismissal was based, and letters related to promotions and demotions are "job performance records." See, e.g., Ops. Att'y Gen. Nos. 93-105, 93-055, 92-231, 92-191, 91-324, and 91-303.
If any of the records in your personnel file are, in fact, employee evaluations or job performance records, the above-stated three part standard must be applied.
The question of whether there has been a final administrative resolution of a termination or suspension and the question of whether the requested records formed a basis for that termination or suspension are clearly questions of fact that can be readily determined. Any employee evaluation/job performance records in your personnel file can be disclosed only if those questions can be answered affirmatively, and if it is determined that there is compelling public interest in their disclosure, as discussed below.
What is a "Compelling Public Interest"?
The phrase "compelling public interest" is not defined in the FOIA. Clearly, whether there is a "compelling public interest" in the release of particular records will depend upon all of the facts and circumstances attendant to the particular case. Professor John Watkins, a commentator on the FOIA, has provided some guidelines for determining whether such an interest exists. He states: "The nature of the problem that led to the suspension or termination will undoubtedly bear on the `compelling public interest' question. . . ." Watkins, Id. at 146. Professor Watkins also points out: "The public's interest in disclosure is most likely to be compelling when the records reflect a breach of trust or illegal conduct by public employees. . . . However, the mere fact that an employee has been suspended or terminated does not mean that the records should be made public; if that were the case, the `compelling public interest' phrase would be a redundancy. . . ." Watkins, Id. at 145-46. In this regard, Professor Watkins also states: "A general interest in the performance of public employees should not be considered compelling, for that concern is, at least theoretically, always present." Watkins, Id. at 147. Professor Watkins has also noted that the status of the employee, or "his rank within the bureaucratic hierarchy," may also be relevant in determining whether a "compelling public interest" exists. Watkins, Id.
at 146-47 (noting that "[a]s a practical matter, such an interest is more likely to be present when a high-level employee is involved than when the [records] of `rank-and-file' workers are at issue.")
As noted previously, the question of whether there is a compelling public interest in particular records is clearly a question of fact that must be determined in the first instance by the custodian of the records, considering all of the relevant information. Any employee evaluation/job performance records that may be in your personnel file can be released only if the custodian has determined factually that there was a suspension or termination, that the records in question formed the basis for that suspension or termination, and that there is a compelling public interest in the records.
A CONSTITUTIONAL ISSUE
An exemption from disclosure that could apply to certain records in your personnel file is the exemption based upon a constitution privacy interest. The Arkansas Supreme Court has recognized that the constitutional right of privacy can supersede the specific disclosure requirements of the FOIA, at least with regard to the release of documents containing constitutionally protectable information. SeeMcCambridge v. City of Little Rock, 298 Ark. 219, 766 S.W.2d 909 (1989). The McCambridge court held that a constitutional privacy interest applies to matters that: (1) an individual wants to and has kept confidential; (2) can be kept confidential but for the challenged governmental action in disclosing the information; and (3) would be harmful or embarrassing to a reasonable person if disclosed.
If the custodian of the records determines factually that any of the records in your file meet the three prongs of the test laid out by theMcCambridge court, the custodian must then consider whether the governmental interest in disclosure under the Act (i.e., the public's legitimate interest in the matter) outweighs your privacy interest in their non-disclosure. Again, this determination will be a factual one, based upon the information available to the custodian. If the custodian determines that your privacy interest in protecting certain records in your file outweighs the public's interest in those records, the custodian should not release those files. Likewise, the custodian should refrain from releasing records or information that would impact other employees' constitutional privacy interest.
OTHER EXEMPTIONS
As a final matter, I must note that some of the records in your personnel file may be subject to other exemptions from disclosure, such as the exemptions for medical records and scholastic records, see A.C.A. §25-19-105(b), or exemptions specifically stated in other laws. Such records should not be released. In addition, any records that the custodian determines to be releasable should be scrutinized by the custodian prior to their release, for the purpose of identifying any specific items of information that might be subject to a special exemption from disclosure under the FOIA (such as your social security number, seeSwisher v. Dept. of the Air Force, 660 F.2d 369 (5th Cir. 1981)). Any such information that is identified by the custodian should be redacted from these documents prior to their release.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh